# MARYLAND REPORTS.

THOMAS WHELAN, JR., Administrator of George J. Whelan, C. Smith Keech, Administrator of Austin E. Smith, and Others *v.* MARY COOK, Administratrix of John Cook, and Others.

*Decided February 19th, 1868.*

EQUITY PRACTICE ; COMMISSION TO TAKE TESTIMONY ; RULE FOR FURTHER PROCEEDINGS ; BILL OF REVIEW ; ERROR IN LAW, OR DIS-
COVERY OF NEW MATTER. DEATH OF PARTIES; ABATEMENT. ALIEN ENEMIES.

A bill of review can be brought only for error in law, appearing on the face of the proceedings, or upon the discovery of new matter press-ing upon the decree subsequent to the period when it could have been used, and such as the party by the use of reasonable diligence could not have known; for if there be any *laches* or negligence it destroys the title to relief. (*a*)                                                                    p. 7

The failure on the part of the defendants in an equity suit, to make the personal representatives of two of the complainants who had died, parties to the cause, before laying a rule for "further proceedings," is neither error in law nor new matter, and will not entitle the surviving complainants to a bill of review.                                                p. 8

The death of the complainants did not abate the suit, and it was no more incumbent on the defendants than upon the surviving complain-ants to suggest their deaths, and take the necessary steps to bring in their personal representatives. (*b*)                                               p. 8

*Where a creditors' bill was filed for a sale of a decedent's real **2** estate to pay his debts, and the answer denied the indebtedness, and a

(*a*)   As to bills of review, see *Hollingsworth v. M'Donald,* 2 H. & J. 199, note.   See also Miller's Equity Procedure, pp. 362-369.

(*b*)   By the Act of 1820, ch. 161, sec. 4, bills of revivor were no longer necessary, to make parties to a bill, the legal representatives of parties who had died after the filing of a bill in equity.   See also Code of Pub. Gen. Laws, Art. 16, sec. 1; *Diffenderfer v. Griffith,* 57 Md. 84.

commission by agreement was issued to take testimony, it was still the commission of the complainants; they were bound to prove their claims, and under the equity rules of the Circuit Court for Howard County, it was their duty to have the commission executed and returned within the prescribed time, or apply to have it declared void, and a new one issued; otherwise a rule for "further proceedings" would be justified.                                                            p. 9

The allegation in a petition for a bill of review, that the proof taken under a commission was in the charge and custody of the commissioner, who for several years was beyond the jurisdiction of the court, and remains in his custody: that some of the complainants had made every effort to procure the said proof from time to time and had failed so to do, but that within a few weeks past the commissioner had found the proof taken by him and was able to return the same to be used at the hearing of the case, is not an allegation of new matter which would authorize a bill of review.                                                        p. 9

The allegation does not present the case of papers or documentary evidence lost, and but recently discovered.                          pp. 9, 10

A citizen of Virginia so long as the late civil war continued could not maintain an action in the courts of this State.  (c)              pp. 10, 11

Appeal from the Circuit Court for Howard County, in Equity.

The facts of the case are sufficiently stated in the opinion of the court. The following rules on the equity side of the Circuit Court for Howard County, were relied on in the argument :

Rule 4. A commission for taking testimony is to be returned on or before the first day of the first term after the date thereof, provided it be issued thirty days before the said term ; and if it be not issued thirty days before the said term, then it

---

(c)  But an alien enemy may be sued, if within reach of process; *Dorsey v. Thompson,* 37 Md. 25.  A defendant in equity cannot be heard to object that he was disqualified from appearing because he was an alien enemy, when the privilege of appearing by attorney was accorded him; *Herbert v. Rowles,* 30 Md. 271.  The plea of alien enemy, is not a matter of privilege for the defendant, but goes to the disability of the plaintiff; *Dorsey v. Kyle, 30* Md. 512; *Dorsey v. Dorsey, 30 Md. 522.* Where alien enemies are necessary parties, their rights cannot be concluded by a decree passed without service of process or constructive notice by publication; *Johnson v. Robertson,* 31 Md. 476; 34 Md. 165. One who voluntarily leaves his country for the purpose of engaging in hostilities against it, cannot complain of proceedings against him by publication; *Dorsey v. Thompson,* 37 Md. 25.

shall be returned to the first day of the second term thereafter ; and if not so returned a rule or order may be obtained for the return thereof, by such day as shall be limited, or on application such commission shall be considered void and a new commission shall issue, or other order as may appear proper, provided, that when such commission shall not be returned it shall *prima facie* be considered the fault of the party who had the carrying of such commission.

*Rule 10. Every solicitor of this court is bound to take **3** notice of every rule or order during the sitting of any term, relative to any suit in which he is or shall be concerned ; any such rule or order may afterwards be made absolute or otherwise have its full effect without imposing on the party obtaining the same, the obligation of having a copy served. The clerk is directed to forward such copy to the adverse party or his solicitor, but no proof of its being forwarded shall be required.

Rule 25. At any stage of a cause where further proceedings are proper to be had on the part of the complainant, the defendant may obtain a rule for such further proceedings to be had by the fourth day of the first term after that at which such rule shall be entered ; and if the complainant shall not comply with such rule, his bill may, on application be dismissed.

The cause was argued before Bartol, C. J., Stewart, Brent, Grason, Miller and Robinson, JJ.

*Daniel Clarke*, for the appellants :

By the death of Austin E. Smith and George J. Whelan, two of the complainants, prior to the 23d of March, 1865, the suit had abated, and it was necessary before the rule of that date " for further proceedings and security for costs " could properly be laid, and the order of the 5th of July, 1865, dismissing the bill, be passed, the defendants should have taken steps to make the personal representatives of the deceased, parties to the cause, either by suggestion of their deaths or by a bill of revivor, or supplemental bill in the nature of a bill of revivor. Code of Pub. Gen. Laws, Art. 16, secs. 2, 3, 4, 5, 12, and Art. 75, sec. 39; Maryland Ch. Pr. 102; *Glenn v. Clapp*, 11 G. & J. 1.

There being an outstanding commission when the " rule further proceedings " was laid, the same was improperly passed.

**4** The proper order at this stage of the cause was a *rule for the return of the commission, and not the rule "further proceedings." See Rules 10 and 25 of the Circuit Court for Howard County, sitting in equity ; Maryland Ch. Pr. 62, 63; *Md. & N. Y. C. & I. Co. v. Wingert,* 8 Gill, 171 ; Rule 4, Howard County Circuit Court.

There is error in law apparent upon the face of the record and decree, in laying the "rule further proceedings," which entitled the appellants to the relief prayed. And further the petition for leave to file a bill of review disclosed new matter or facts discovered since the passing of the order dismissing the bill, which entitled the appellants to the granting of the leave applied for. Where no proof is taken, the application may be determined upon the petition only, as sworn to by the party applying. *Hodges v. Mullikin,* 1 Bland, 507.

The loss of proof at the time of the passing a decree, so that a party is deprived of its benefit, and the discovery of the said proof afterwards, so that it may be used, comes clearly within the second ground upon which courts grant leave to file a bill of review. There is no distinction in the discovery of proof *taken, and which had been lost and could not be used,* and the discovery of new matter, to warrant the refusal of the leave to file a bill of review, in one case, and the granting of the leave in the other. The proof taken by the commissioner must be considered as *new evidence, discovered* since the passing of the decree dismissing the bill, so far as Keech, administrator of Austin E. Smith, and Whelan, administrator of Whelan, are concerned, and they are entitled to leave to file a bill of review even if the other parties are not.

Although the application for leave to file a bill of review rests in the sound discretion of the court, an appeal may be taken from the refusal to grant the leave. *Oliver v. Palmer,* 11 G. & J. 138.

One or more of the complainants being residents of Virginia, which State was engaged in war with the United States, were

**5** alien enemies, and the right to prosecute their claims *was suspended. *Hutchinson v. Brock,* 11 Mass. 123; 6 Am. Law Reg. 220; *Prize Cases,* 2 Black, 635; *The Venice,* 2 Wallace, 258; *Alexander's Case,* 2 Wallace, 419.

*James Mackubin* and *Thomas Donaldson*, for the appellees :

The rule for " further proceedings," was fully warranted by the general practice, and especially by the 25th rule of the court. The death of one of several complainants to a creditors' bill does not abate the suit, or in any wise impair the rights of the survivors to proceed, or of the defendants to enforce proceedings in the cause. Code, Art. 16, sec. 1, etc.; Art. 75, sec. 39; Md. Ch. Pr. 102; *Austin v. Cochran,* 3 Bland, 340; Story's Eq. Pl. 357; *Leigh v. Thomas,* 2 Ves. Sr. 313. And it ought to have been shown as cause against the rule, otherwise too late. *Trail v. Snouffer,* 6 Md. 314; *Glenn v. Clapp,* 11 G. & J. 1. The only effect of such death is to dismiss the interests of the party deceased from the suit. His representative may intervene if he pleases, or he may abandon the prosecution of his claim simply, or he may file a new bill to assert his rights. Prior to a decree the defendant has no right to revive. Assuming that the rule was rightly entered against the surviving complainants, it is quite clear, as well upon the general practice of the late Court of Chancery as by the letter of the 10th rule of the Circuit Court in Equity, that the notice of the rule was not necessary to be given to the parties or to their solicitors.

The order of dismissal complained of, having become enrolled by lapse of time, could not be reviewed by petition or reversed by simple order thereon : *Dorsey v. Clark,* 4 H. & J. 553 ; *Burch v. Scott,* 1 Bland, 112, and 1 G. & J. 393; *Trail v. Snouffer,* 6 Md. 314. The remedy for the party aggrieved would be by bill of review, for error in law apparent on the face of the order, or for new discovered evidence touching the point of the \*order. *Ducker v. Belt,* 3 Md. Ch. 13; *Stewart v. Beard,* 3 Md. Ch. 227; *Young's Estate,* 3 Md. Ch. 461; *Glenn v. Clapp,* 11 G. & J. 1.

New matter of abatement or irregularity in the proceedings is not error in law, for which a decree may be reviewed, nor do they constitute newly discovered matter on which the party may rely. It will be observed that the prayer is for leave to file a bill of review. The case is, therefore, analogous to *Hodges v. Mullikin,* 1 Bland, 503, and is to be governed by the rules there laid down.

But whether the remedy is to be found by petition or bill of

review, the application addresses itself to the discretion of the court and is not *ex debito justitiæ.* The applicant must show that he is aggrieved by the proceeding, and that the grievance alleged has not been in any degree the consequence of his own negligence. Hence, relief may be awarded to one of several petitioners and refused to the others. Thus, the surviving parties being by implication of law present in court and bound to take notice of the entry of the rules, they were obliged to rely on any irregularity, or other matter, showing they were improvidently entered as cause against making the rule absolute. As against them, therefore, the rules were—by reason of their default in showing cause—rightly entered and rightly enforced, although it may be considered that, as against the representatives of deceased parties, the same rules had been irregularly entered. *Whiting v. Bank,* 13 Pet. 7.

Miller, J., delivered the opinion of the court :

A creditors' bill was filed May 17th, 1859, against the administratrix and heirs-at-law of John Cook, deceased, for a sale of his real estate to pay debts. The defendants answered February 22d, 1860, denying the alleged indebtedness and pleading limitations and usury to the claims of the complainants exhibited with their bill. A commission to take testimony was issued June 23rd, 1860, and on the 23rd of *March, 1865, at the regular March Term, the defendants obtained rules upon the complainants for " further proceedings and security for costs " under which the bill was dismissed on the 5th of July following. On the 15th of February, 1866, after enrolment of the order of dismissal, a petition was filed by the appellants, asking leave to file a bill of review, and from the order dismissing this petition the present appeal is taken. The rules of the court below are made part of the record. The appellants have considered their remedy to be by a bill of review and the case must be disposed of in view of the rules of equity practice applicable to such bills.

A bill of review can be brought only for error in law appearing on the face of the proceedings or upon the discovery of new matter pressing upon the decree subsequent to the period when it could have been used : and in such case there is a

qualification of equal importance with the rule itself, that the matter must not only be new, but such as the party by the use of reasonable diligence could not have known for if there be any *laches* or negligence it destroys the title to relief. The courts have uniformly and rigorously adhered to this qualification, deeming it better that individual injury should be inflicted in particular cases, than that rules established to prevent general mischief, should be broken down. *Young v. Keighly,* 16 Ves. 348; *Wiser v. Blachly,* 2 John. Ch. 488; Story's Eq. Pl. sec. 414. These settled rules of equity practice must govern this case, and we now proceed to consider briefly the grounds, alleged in the petition and presented in argument, upon which it is supposed a bill of review will lie to vacate the order dismissing this bill.

1st. The allegation in the petition that no copy of the rule " further proceedings " was ever served on the petitioners or their solicitor, and that the first notice they had of the dismissal of their bill was in January, 1866, is fully answered by the 10th rule of the court below, which dispenses with service of a copy of a rule like this and requires the solicitor to take notice of it.

*2nd. It is alleged in the petition that two of the com- **8** plainants died prior to the 23rd of March, 1863, and it is insisted the defendants should have taken steps to make their personal representatives parties to the cause before laying the rule further proceedings. This objection presents neither error in law nor new matter. There is nothing on the face of the proceedings showing these parties were dead at the time the rule was laid and the order of dismissal passed, nor did the cause abate by their deaths. Code, Art. 16, sec. 1. It was no more incumbent on the defendants than upon the surviving complainants, to suggest their deaths and take the necessary steps to bring in the personal representatives. If the complainants had done this in answer to the rule, " further proceedings," the bill could not have been dismissed.

3rd. Another objection is that the rule " further proceedings " could not be laid after the cause was at issue, and whilst there was an outstanding commission. This rule has been adopted in our chancery practice as a substitute for the English practice of motions to dismiss for want of prosecution. Whether under the ordinary chancery practice in England or

in this State, such a motion could be made or such rule laid, after the cause is at issue and a commission issued, we need not determine, because this case must be decided by the rules of court appearing in the record. Rule 25, is " that at *any stage* of the cause where further proceedings are proper to be had on the part of the complainant, the defendant may obtain a rule for such further proceedings," etc., and Rule 4, provides that commissions for taking testimony shall be returned on or before the first day of the first term after their date, if issued within thirty days before such first term, if not, then to the first day of the second term, " and if not so returned a rule or order may be obtained for the return thereof at such day as shall be limited, or on application such commission shall be considered void and a new commission shall issue, or other order as may appear proper, provided that when such commission shall not ·

**9** be returned it shall *prima facie* be considered *the fault of the party who had the carrying of such commission." This commission had been outstanding nearly five years before the rule was laid. It is true the parties agreed it should be issued to a named commissioner, who should at a particular place take such proof as might be adduced on either side, and it is also true that on the 6th of May, 1863, the parties agreed that certain interrogatories then filed on the part of the complainants should be used in the examination of witnesses under the commission to be that day executed. But these agreements did not release the complainants from the position of parties · having " the carrying of the commission" under Rule 4. Under the pleadings the defendants stood upon their answer, denying the indebtedness, and the complainants were bound to prove their claims—the commission was their commission— and these agreements were made for their benefit. It was their duty to have the commission executed and returned within the prescribed time, or make application to have it declared void and a new one issued. We think such steps on their part are further proceedings, for which a rule to that effect was properly laid under Rule 25, and that by the taking of such steps this rule would have been complied with. This ground of error in law must therefore fail.

4th. It is further alleged " that the proof taken under the commission was in the charge and custody of the commis-

sioner who for several years was beyond the jurisdiction of the court, and remains in his custody up to this time ; that some of the complainants have made every effort to procure the said proof from time to time and have failed so to do, but they are now informed and so state that within a few weeks past the commissioner has found the proof taken by him, and that he is now able to return the same to be used upon the hearing of the cause." We cannot regard this as an allegation of new matter coming within the rule of practice before stated. It does not present the case of papers or documentary evidence lost and but recently discovered, but simply that of *oral testimony reduced to writing and retained in the custody of the commissioner who for a long time was absent from the State. There is no allegation nor is there any thing in the record from which the inference can be drawn, that by the use of reasonable diligence, the same proof could not have been obtained from the same witnesses by a new commission issued to a new commissioner. No efforts in this direction are alleged or appear to have been made, and it would be a wide departure from the settled rule to receive this allegation as sufficient ground for a bill of review.

5th. Another reason has been presented in argument, viz.: that one or more of the complainants being residents of Virginia, a State at that time engaged in war with the United States, were alien enemies, and the right to prosecute their claims was thereby *suspended*, and it was error therefore to dismiss their bill. There is nothing in the record to show that more than one of the complainants was ever a citizen of Virginia, and he came in by petition and exhibited his claim on the 6th of May, 1863. In his petition he states he was " of the State of Virginia," from which we infer he was at that time a citizen of that State, and residing therein. We assume the war existed as alleged, and the Supreme Court in the *Prize Cases*, 2 Black, 635, and in subsequent decisions, have unquestionably so determined ; but the same authorities have also decided that this war commenced in 1861, and continued till long after May, 1863, when this petition was filed. *Hutchinson v. Brock*, 11 Mass. 119, cited by the appellants' counsel in support of their position, was a suit involving title to land instituted *before*, and the plea of alien enemy interposed *after* the commencement of

the war of 1812. The court on demurrer held the plea bad because it concluded with a prayer of judgment of the writ and that the writ abate, the court holding that the effect of such a. plea is not to abate the writ or defeat the process entirely but to suspend it—that the plaintiff's right was not forfeited by the declaration of war, but the remedy was suspended and that he was not to *be answered on his demand until the restoration of peace. But whilst so deciding, the court at the same time, recogonize and adopt the established doctrine of international law, that " the comity and intercourse every where permitted and enjoyed among Christian and civilized nations in a state of peace are at once withdrawn by a declaration of war"—that " the territories and courts of justice of belligerent nations are closed against each other to the exclusion of their respective inhabitants and subjects," that " an alien enemy shall maintain neither real nor personal action *donec terræ fuerint communes.*" And in *Wells v. Williams,* 1 Ld. Raym. 282, cited in this Massachusetts case, Ch. J. Treby said, " that wars at this day are not so implacable as heretofore, and therefore an alien enemy *who is here in protection* may sue his bond or contract, but an alien enemy *abiding in his own country* cannot sue here." It would be strange international law, and a strange application of the effect of war to allow an enemy abiding in his own State to bring suit *during the war* in our courts, and then, *because of the war*, grant him greater privileges than are extended to our own citizens when suing in the same courts. Such a position cannot be sustained.

The bill was, therefore, properly dismissed under the rule " further proceedings," and it is unnecessary for us to examine whether the rule " security for costs " was correctly laid or not. We have found no sufficient grounds alleged in the petition upon which a bill of review can be sustained, and have, therefore, had no occasion to refer to the answer to the petition, and do not mean to decide the question of practice whether on such an application the answer can be considered.

*Order affirmed.*

Stewart, J., dissented.