Powhatan Steamboat Co., Garn., *vs.* Potomac Steamboat Co., &c.

(Decided 18th June, 1872.)

---

THE POWHATAN STEAMBOAT COMPANY, Garnishee of THOMAS CLYDE *vs.* THE POTOMAC STEAMBOAT COMPANY and GEORGE PARKER and THOMAS PARKER. THOMAS CLYDE *vs.* THE SAME.

*Appeal—Attachment—How a Joint stock Company or Association may be described in a Suit by or against it — Unreasonable delay.*

An appeal from a judgment of condemnation in attachment will not be allowed, unless taken within nine months from the date of the judgment.

By virtue of the Act of 1868, ch. 471, sec. 215, it is sufficient in any suit by or against a joint stock company or association, to describe it by the name or title by which its business is transacted.

Powhatan Steamboat Co., Garn., *vs.* Potomac Steamboat Co., &c.

A judgment of condemnation in an attachment on warrant against a non-resident defendant, was entered at January Term, 1870. On the 18th of January, 1871, an execution was issued on the judgment, and the property attached was advertised for sale by the sheriff. On the 6th of February, following, the defendant having heard of the attachment for the first time after his property was advertised, filed his motion to set aside the judgment of condemnation. HELD:

That there was no unreasonable delay or *laches* on the part of the defendant in filing his motion.

APPEAL from the Superior Court of Baltimore City.

This was an attachment sued out of the Superior Court of Baltimore City on the 20th of October, 1869, by the appellees against the property of Thomas Clyde, a non-resident. The plaintiffs, in the last count of their short note, alleged that they "let to the defendant a wharf in Washington city, D. C., known as '7th street Wharf,' on account of rent of which there was due from the defendant to the plaintiffs the amount stated in the account thereto annexed, for the period of time therein named, viz: from April 1st, 1866, to Dec. 1st, 1866." The following were the open account and agreement by which the plaintiffs claimed that the defendant was indebted to them, and which were annexed to their affidavit:

WASHINGTON, December 1st, 1866.

Mr. THOMAS CLYDE,

　　　　To POTOMAC STEAMBOAT CO. and
　　　　　　　　　　GEO. & THOS. PARKER,　　Dr.

To Wharf rent up to above date.......................... $1,000
By cash received of O. Allen.............................. 60

Balance due................................................. 940
With interest from date to be added.

WASHINGTON, Nov. 29th, 1866.

JOHN VAN RISWICK, Esq., Agent, & *Co.*:

DEAR SIR: I will take the wharf and premises rented by Mr. Thomas Clyde, at 7 st., known as "7 St. Wharf," off his

hands, as agreed on by you and myself, from 1st December, 1866, on the following terms, viz: I will release him from all rent from the above date, and allow you as his agent to collect the rent now due by O. Allen, and also allow you to remove your steamer, and also the shed from said wharf, and only holding Mr. Clyde for the rent from 1st April, 1866, to 1st December, 1866.

GEO. MATTINGLY, <em>Agent and Attorney.</em>

I accept the above proposition, and will proceed to remove the shed and boat at once.

J. VAN RISWICK, <em>Agent.</em>

The attachment was laid in the hands of the Powhatan Steamboat Company, by service on Jacob Brandt, Jr., its president, and the goods attached and scheduled were forty shares of the capital stock of said company.

At the January Term, 1870, to which the attachment was returned, no appearance being entered for the defendant or the garnishee, the former having been returned "*non est,*" a judgment of condemnation *nisi* was rendered. On the 18th of January, 1871, a writ of *fieri facias* was issued, and thereunder the property attached was advertised for sale on the 10th of February, following, by the sheriff. The defendant, having heard of the attachment for the first time after his property was advertised for sale, on the 6th of February filed his petition and motion to set aside the judgment of condemnation. The reasons filed by the defendant in support of his motion are sufficiently stated in the opinion of this Court. The Court (DOBBIN, J.) overruled the motion. An appeal was thereupon taken from the judgment of condemnation and from the order overruling and refusing the motion to strike out and set aside such judgment.

The cause was argued before BARTOL, C. J., BRENT, BOWIE, GRASON, MILLER and ROBINSON, J.

*Wm. Shepard Bryan,* for the appellants.

The conduct of the plaintiffs in keeping their proceedings on the attachment from the knowledge of the defendant was unfair and amounted to a fraud.

There are many defects on the face of the proceedings.

The paper styled an agreement, shows no cause of action against the defendant. It is a letter from a man called " an agent and attorney " to a man called " agent & Co.," and an acceptance by the latter of the proposition contained in the letter. No disclosures are made showing who the principals may be. The letter is a proposition for the surrender of a wharf, and seems to imply the existence of a previous contract for the renting of the wharf, but the terms of such supposed contract are not mentioned. The paper purports to be an acquittance and discharge from some of the obligations of this undescribed contract, and not the assumption of any liabilities. It is said that the defendant is to be held for the rent only from April to December. But it is not stated whether this rent is to be a hundred dollars or a thousand. The paper would be as good for one amount as for another. The account is as barren of particulars as the agreement. It does not state where the wharf is situated, nor how it is to be identified, nor during what time the rent accrued. *Cox vs. Waters,* 34 *Md.,* 460. The agreement and the account are mentioned in the affidavit for the attachment as constituting the cause of action. The agreement does not impose any liabilities on the defendant; an account therefore founded on this void agreement, and showing what is supposed to be due thereon, is no cause of action.

The amount stated to be due in the short note, and in the affidavit for attachment, is $940, the amount mentioned in the account is this sum with interest from December, 1866, nearly three years previous. *Browning vs. Pasquay,* 35 *Md.,* 294.

The last count of the short note is the only one which purports to describe the cause of action. This count is radically

defective. It speaks of a letting of a wharf, but the lease is not described with any certainty; it is not stated when the term commenced or ended, or what rent was reserved. *Bacon's Abridg. Leases,* (*L.,*) 1, (*L.,*) 3, (*L.,*) 4; *Taylor's Landlord and Tenant, sects.* 70, 71; 2 *Platt on Leases,* 50; *Coke Littleton,* 45 *b.* Such a lease as that described in this count would be absolutely void in law. And the count is fatally deficient in the precision and certainty required by the rules of pleading. 1 *Chitty's Pleading,* 260, 261.

The Potomac Steamboat Company is nowhere in the proceedings alleged to be a corporation. As a partnership, it could not sue by its firm name. 1 *Chitty's Pleading,* 256. Its corporate character is essential and must be proved.— *Agnew vs. Bank of Gettysburg,* 2 *H. & G.,* 478. And as it is necessary to allege essential facts, it must be alleged.

All these defects in the proceedings are open to the consideration of the Court on this appeal. *Mears vs. Adreon, et al.,* 31 *Md.,* 235. And every objection which would be fatal to a declaration on demurrer is fatal to the short note.

*Edward Higgins,* for the appellees.

In the absence of fraud or irregularity in obtaining a judgment, a motion to strike it out, not made until after the term at which the judgment was rendered, will not prevail. *Sherwood vs. Mohler,* 14 *Md.,* 565; *Kemp, et al. vs. Cooke, et al.,* 18 *Md.,* 138.

More than a year passed after the judgments were obtained before a motion to strike out was filed.

The appellants—especially the garnishee—have been guilty of *laches* and unreasonable delay in contesting this case.— Relief from the judgment, under the circumstances, will not be granted. *Kemp, et al. vs. Cooke,* 18 *Md.,* 139; *Freidenrich, et al. vs. Moore, et al.,* 24 *Md.,* 296.

There are no defects upon the face of the proceedings. The account is sufficient—yet, if it be not sufficient alone, the letter annexed gives all the necessary particulars. The

vouchers were sufficient to authorize the justice to issue a warrant for the attachment.   *Cox vs. Waters,* 34 *Md.,* 460.

The short note is not defective—it gives the names of the parties, the cause of action, the amount claimed, and for what it was claimed.   It is sufficient.   A short note is a brief statement of the cause of action, without the forms of a declaration. *Evans' Practice,* 127.

The appellees can sustain the action.   No further description is necessary of the Potomac Steamboat Company than is given.   *Act* 1868, *ch.* 471, *sec.* 215.   The appellees are not a co-partnership.

BARTOL, C. J., delivered the opinion of the Court.

These appeals were taken, one of them from the judgment of condemnation, entered in favor of the appellees, at the January Term, 1870; and the other from the order of the Superior Court, passed on the 6th day of February, 1871, overruling and refusing the motion of the appellant, Thomas Clyde, to strike out and set aside the judgment of condemnation.

The appeals were taken on the 7th day of February, 1871.

*First.* The appeal from the judgment was not taken within the time prescribed by law.   Formerly *three* years were allowed.   *Code, Art.* 5, *sec.* 7; *Mears vs. Adreon,* 31 *Md.,* 229.   But by the Rules and Regulations respecting appeals, made and prescribed under and by authority of the Constitution, Article 4, section 18, the time was limited to *nine months* from the date of the judgment.   29 *Md.,* 1, (*Rule* 2d.)

These rules took effect and were in force from the *first* day of January, 1870, 29 *Md.,* 8, (*Rule* 21,) and are applicable to this case, the judgment of condemnation having been entered after that day.   The 20th section, Article 5, of the Code, which enlarges the time for an appeal, in cases where fraud or mistake is alleged, applies only to orders and decrees passed by Courts of Chancery.   See 29 *Md.,* 4, (*Rule* 9.)

The first appeal therefore, that of the "Powhatan Steamboat Co.," Garnishee, taken from the judgment of condemnation must be dismissed, as not taken in time.

*Second.* In support of the motion of Thomas Clyde to set aside the judgment of condemnation, the following reasons were assigned:

First. Because they were obtained by fraud and surprise practised upon this defendant by the plaintiffs, as set forth in the affidavit herewith filed.

Second. Because the papers filed as the cause of action, shew no indebtedness by this defendant to the plaintiffs.

Third. Because the pretended agreement, filed as the cause of action, is not stamped.

Fourth. Because it is nowhere alleged in the proceedings that the Potomac Steamboat Company is a corporation, and a private partnership cannot maintain a suit, except in the names of the individual partners.

It is objected by the appellees that this motion was made too late; but there was no unreasonable delay or *laches* on the part of Thomas Clyde in filing the motion. It appears that he sought relief as soon as he had any knowledge of the proceedings. He was an absentee, and had no actual notice of the attachment until his property was advertised for sale by the sheriff under the writ of *fieri facias.*

In disposing of the motion, we will consider the several reasons assigned, inverting their order.

By the Act of 1868, ch. 471, section 215, it is provided that "it shall be sufficient in any suit, by or against a joint stock company, or association to describe it, by the name or title by which it is commonly known, or under which its business is transacted." This provision is a sufficient answer to the fourth reason or cause assigned in support of the motion.

The objection for the want of a stamp to the paper signed by *Van Riswick, Agent,* has not been urged in the argument in this Court, and could not be successfully relied on in sup-

port of the motion, as the paper is not one requiring a stamp under the Act of Congress.

The second cause assigned, based upon the alleged defects in the attachment papers, as not shewing any indebtedness from the defendant, Clyde, to the plaintiffs, we think is not supported.

The last count in the short note, when taken in connexion with "the account thereto annexed" to which it refers, is a sufficient statement of a cause of action. And the account filed with the affidavit, together with the voucher annexed thereto, being the letter of Mattingly, agent and attorney, addressed to Van Riswick as agent of Clyde, with the acceptance of the proposition therein contained by Van Riswick, agent, are sufficient to shew *prima facie* a debt due from the defendant, Clyde, to the plaintiffs to support the attachment.

In the affidavit of Clyde accompanying the motion, there are several things alleged, which, if true, are sufficient to make out the charge of *bad* faith, on the part of the appellees, in instituting the proceedings against his property.

Nearly three years elapsed after the supposed debt had accrued before the suit was instituted, and he avers that the plaintiffs never presented their account to him, nor demanded payment from him; although he visited the city of Washington, the place where they reside, and where the debt is alleged to have arisen, frequently during that period, and was known to the plaintiffs to be there, and to be fully able to pay the debt if it really existed. He further avers that it was well known to them that he did not owe the debt or any part of it, but that the rent charged, if any was due, was due and payable by the "Washington and Alexandria Steamboat Company," a corporation of which he was only a stockholder, and that he was in no manner personally bound for the same. He further avers that Van Riswick was managing agent for the company, by which the wharf was rented, and was not his agent, and was not authorized to bind him by signing the paper exhibited as a voucher or contract.

In the face of these averments, verified by oath, we think the Superior Court ought not peremptorily to have overruled the motion; but that an opportunity ought to have been afforded to the parties to sustain or to disprove these averments; and if they had been supported by proof, the motion ought to prevail. In order that the parties may have an opportunity to produce testimony, and that the motion may be heard and disposed of on its merits, we reverse the order of the Superior Court and order a new trial upon the motion.

*Order reversed and*
*new trial directed.*

(Decided 18th June, 1872.)