THE STATE OF MARYLAND *vs.* HUGH F. SCARBOROUGH.

*Practice in Criminal Cases—Assignment of Errors—Grand · Jury—Defective Plea in Abatement.*

An assignment of errors, "that in the record and proceedings, as also in the condition of the said judgment, manifest errors have happened, to the damage of the State, to wit: in overruling the demurrer of the State to the defendant's fifth plea to the indictment," is not sufficient under Rule 1, of the Court of Appeals.

As it is a presumption of law that a grand jury was legally and regulary drawn and empanelled, a plea in abatement should expressly negative such presumption, upon the averment, that the jury consisted of only twenty-two persons, at the time an indictment was found.

APPEAL from the Circuit Court for Harford County.

The appellee was indicted in the Circuit Court for Cecil county for assaulting one Samuel L. Welde with intent to murder. He made a suggestion and affidavit that he could not have a fair and impartial trial in that Court, and thereupon his case was removed to the Circuit Court for Harford .County.

In the Court last named, he filed five pleas to the indictment. The fifth plea averred that "the pretended grand jury, by whom the said indictment and the presentment on which the same was founded, consisted and was composed of only twenty-two persons, and was, for that reason, incompetent to act as a grand jury and find said indictment." The State's Attorney thereupon demurred to the fifth plea.

The Court (WATTERS, J.) overruled his demurrer, holding that the matter contained in that plea was sufficient in law, and adjudged that the indictment should be quashed.

The State's Attorney thereupon filed a petition for the removal of the record in said case into this Court, as upon writ of error; and the record was transmitted to this Court. The assignment of errors is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J.

*Charles J. M. Gwinn, Attorney-General,* for the plaintiff in error.

It was provided by a law, applicable to Cecil County, that the Circuit Court for that county, at the beginning of its term, should select one person from the forty-eight persons, drawn and summoned to attend as jurors at such term, to be foreman of the grand jury; and that twenty-two other names should be drawn under the direction of the Court, by its clerk, from a box containing the names of the remaining forty-seven jurors; and that the twenty-two persons, whose names were thus drawn, should, together with the foreman so previously selected, constitute the grand jury for the term, and the remaining twenty-five names should constitute the petit jury for said term. 1878, *ch.* 369, *sec.* 5; *Rev. Code of* 1878, *Art.* 62, *sec.* 5, *p.* 561. This provision is mandatory, in the strictest sense of that word, and no grand jury can be legally constituted, in Cecil County, unless the directions given by this Act are substantially pursued. A foreman of the grand jury must be appointed by the Court from the forty-eight jurors drawn and summoned, as provided by law, and twenty-two other names must be drawn from that panel for the purpose of constituting the grand jury. The fifth plea, however, does not allege that the requirements of the law, in this particular, were not observed.

There is a verbal inaccuracy in the plea, which must be supplied by interpolating the words " were found," after

the words, "was founded," in its second line.   But if this be done, there remains only an averment, in substance, that the pretended grand jury, by *which the indictment was found* " consisted, and was composed, of only twenty-two persons, and was, for that reason, incompetent to act as a grand jury."   The proposition thus stated is wholly untenable.   If the foreman and twenty-two other persons, had been, originally, duly selected and qualified as grand jurors, the body, thus constituted, remained a duly quali-fied body, during the term for which it was selected, though a minority of its members died, or failed to attend. It is true that every presentment, or indictment, made, or found by such grand jury, was required to be so made, or found, by at least twelve of their number; but it was not necessary that any greater number of grand jurors should be present, or concur, when any such presentment, or in-dictment, was made, or found.   5 *Bacon's Abridg., Tit. Juries, A.*   1 *Chitty's Crim. Law,* (5*th Am. Ed.*) 322.   If, therefore, it happened that the body, by which this par-ticular indictment was found, had been reduced by death to the number of twenty-two, or to any number greater than twelve, such grand jury did not become incompetent to present or indict.

If the objection, intended to be taken, was not to the number of the members of the grand jury, as constituted when the indictment was found, but to its rightful exis-tence as a body because of an original and unsupplied de-fect in its numbers in its *original formation,* such objection ought to have been made by direct averment.   It was not so made.   The defect is not aided by the demurrer, be-cause the demurrer admitted no facts except those which were well pleaded.   *Brooke vs. Widdicombe,* 39 *Md.,* 400, 401.

*H. W. Archer,* for the defendant in error.

It is admitted by the State, that under the provisions of our law, a foreman and twenty-two other jurors—in all

twenty-three jurors—are .required to constitute a legally organized grand jury, and this is the·precise and only point that was presented by the demurrer, and decided by the Circuit Court. The plea does not allege that the jurors, who were in attendance, or who found the bill, were only twenty-two in in number. But the allegation is, that "the pretended grand jury," (the body as organized,) "consisted and was composed of only twenty-two persons," and was therefore not a legally constituted grand jury, and was incompetent to act as such. This was the plain intent and meaning ·of the plea, and it was manifestly so understood and decided upon by the Circuit Court.

ALVEY, J., delivered the opinion of the Court.

The petition and assignment of error, upon which this case has been brought into this Court, must be dismissed. There is an entire failure to make any such assignment of error as is required by Rule 1, in respect to Appeals and Writs of Error, 29 *Md.*, 1. The rule requires that the party applying to have the record removed as upon writ of error, *shall plainly designate the points or questions of law*, by the decision of which he feels aggrieved; and this Court is forbidden to hear or determine any point or question not thus plainly designated in the petition.

The only assignment of error made in this case is, "that in the record and proceedings, as also in the rendition of the said judgment, manifest errors have happened, to the damage of the State, to wit: in overruling the demurrer of the State, to the defendant's fifth plea to the indictment."

Now, a demurrer puts the legality of the whole proceedings in issue (1 *Chitty Cr. L.*, 358,) and requires the Court to go back to the first error apparent on the face of the record. That being so, the object of the Rule, requiring special assignment of errors, was to prevent surprise, and the raising of new points and objections in this Court

for the first time, and which, perhaps, if they had been suggested to the Court below, would have been met, and the necessity for bringing the record here avoided. To assign as error the overruling or sustaining a demurrer, or the overruling or sustaining a motion in arrest of judgment, without designating specially the point or question of law involved in the ruling of the Court below, is no sufficient assignment, within the meaning and object of the Rule. If the object in bringing this case here was to have reviewed the decision of the Court below in determining that the facts set out in the defendant's fifth plea were sufficient to abate the indictment; or that the Court, upon overruling the demurrer, instead of proceeding at once to quash the indictment, should have allowed the State to reply to the plea, and thus make an issue of fact; those points or questions should have been specially assigned and designated, as the ground for bringing the case to this Court. But, as we have seen, no such questions have been made by assignment under the Rule.

If the question of the sufficiency of the fifth plea in abatement were before us, we should have no difficulty in declaring it bad. The presumption of law is that the grand jury were legally and regularly drawn and empanelled; and it might be true, as averred in the plea, that the grand jury consisted of only twenty-two members at the time the indictment was found, and yet be a legally constituted, and a competent jury, even though it were conceded that the panel would be illegally constituted, and incompetent to act, if it had not originally consisted of twenty-three jurors; a question in regard to which we intimate no opinion. If one of the original panel had died, or been sick, or had been excused for any cause, it would in no manner have affected the legality of the panel, or the power and competency of the remaining jurors to act and find valid indictments.

It is a settled rule, that every dilatory plea must be pleaded with strictness, and be certain to every intent. 1

*Bac. Abr., tit. "Abatement O," p.* 34. And it is consequently essential that the facts should be stated out of which the defence arises, or a negation of the facts which are presumed from the existence of a record; as in this case, the presumption that the grand jury were legally and regularly drawn and empanelled, according to law, should have been expressly negatived, upon the averment of the facts. *State vs. Brooks,* 9 *Ala.,* 10; 1 *Whart. Cr. L., sec.* 537. The plea fails to aver that the panel never consisted of more than twenty-two jurors; and no presumption or intendment will aid the plea. The demurrer, therefore, should have been sustained. But, for defects already mentioned,

*Assignment of Errors*
*dismissed.*