(Decided 18th April, 1884.)

EMILY WAINWRIGHT, by her next friend MARY A. BARKLEY *vs.* THOMAS S. WILKINSON.

*Infant—Prochein Ami—Attorney—Appeal—Costs.*

An infant brought a suit by her *prochein ami*, in a Court of law. Afterwards she employed an attorney, and requested him to dismiss the suit, which was accordingly done. A motion was subsequently made in the name of the infant by her *prochein ami*, asking the Court to strike out the entry of " off," which had been made in the case, and re-instate it on the docket for trial. On appeal from the order of the Court overruling this motion, it was HELD:

1st. That the infant, until she reached the age of twenty-one years, was incompetent to appoint an attorney, or to take any step in the suit which could bind her rights.

2nd. That the appointment of an attorney by her being nugatory, his dismissal of the suit was simply void.

3rd. That the Court below was therefore in error in refusing to re-instate the case.

4th. That an appeal could be taken from such refusal.

5th. That it was not in the power of the infant, after attaining the age of twenty-one years, to ratify and approve the act of her attorney.

Where an infant sues by *prochein ami*, the latter is the only person who is authorized to prosecute the suit, and is responsible for the costs.

While it is competent for the Court, after the infant has arrived at the age of twenty-one years, to discharge the *prochein ami*, and give the infant control over her suit, it must make such equitable order as will protect the *prochein ami* from costs already incurred, and relieve her from liability in the future.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, and BRYAN, J.

*John H. Handy*, for the appellant.

*Wm. Pinkney Whyte*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

Emily Wainwright, an infant, brought a suit by her *prochein ami*, Mary A. Barkley, in the Superior Court of Baltimore City, against the appellee. She employed an attorney, and requested him to dismiss the suit, which he accordingly did. After a considerable time, a motion was made in the name of the plaintiff, by her *prochein ami*, asking the Court to strike out the entry of "*off*," which had been made in the case, and to re-instate it on the docket for trial. This motion was overruled.

The *prochein ami* was the only person who was authorized to prosecute the suit. She is responsible for costs, and is charged with the duty of employing an attorney, and protecting the interest of the infant. The latter,

until she reached the age of twenty-one years, was incompetent to appoint an attorney, or to take any step in the suit which could bind her rights. *Greenwood vs. Greenwood*, 28 *Md.*, 386; *De Ford vs. State, use of Keyser, et al.*, 30 *Md.*, 200 ; *Baltimore & Ohio R. R. Co. vs. Fitzpatrick*, 36 *Md.*, 624.

The appointment of an attorney by the infant being nugatory, his dismissal of the suit was simply void. The Court was, therefore, in error, when it refused to re-instate the case. This case has been compared in the argument to a non-suit regularly entered. We do not so regard it. When the plaintiff in a cause submits to a non-suit, it is well settled that he has no right of appeal. This is an appeal from an order of the Court refusing to correct an entry of non-suit, made against the will of the only person who had the right to authorize it. The *prochein ami* had as much right to the protection of the Court in this particular as in any other. The erroneous entry subjected her to a liability for costs, and an error of the Court in refusing to relieve her ought certainly to entitle her to redress. It has been settled by many decisions of this Court, that appeals may be taken from refusals to strike out judgments, as well as from orders striking them out.

In *Montgomery vs. Murphy*, 19 *Md.*, 576, this Court entertained an appeal from the refusal of the Court below to strike out a judgment by confession erroneously entered, and being satisfied of the error, ordered the judgment by confession to be stricken out. In *Powhatan Steamboat Company, Garnishee, &c. vs. Potomac Steamboat Company, et al.*, 36 *Md.*, 238, the appeal was from an order refusing to strike out and set aside a judgment of condemnation in attachment; and the order below was reversed. In *Johnson, Garnishee, &c. vs. Lemmon*, 37 *Md.*, 336, there was a similar appeal and a reversal in this Court. We do not think that the circumstances of the case show *laches* on the part of the *prochein ami* in applying to have the entry stricken out.

Wainwright *vs.* Wilkinson.

It is stated that the infant, after she arrived at the age of twenty-one, ratified and approved the act of her attorney. It was not in her power to do so. Her act in appointing an attorney was void, and in violation of the rights of her *prochein ami.* It is in the power of the Court to remove the *prochein ami,* but while she sustains such relation, she must have the entire control of the conduct of the suit. It is competent for the Court in this case to discharge the *prochein ami,* and give the plaintiff control over her suit, inasmuch as she has now reached the age of twenty-one years; but it must make such equitable order as will protect the *prochein ami* from costs already incurred, and relieve her from liability in the future. In the case cited from *Rolle's Abridgment,* 288 *D,* it appears that the guardian who was prosecuting a suit for an infant, was removed at the infant's request, and the suit was dismissed because the infant did not wish it prosecuted. If this case could be understood as deciding that an infant could under any circumstances take charge of his suit, and control its management, we should refuse to be bound by its authority.

*Judgment reversed, and*
*cause remanded.*

(Decided 14th May, 1884.)