WM. H. A. HAMILTON et al., Administrators, *vs.* CALVIN B. THIRSTON.

*Limitations—Amendment of Declaration from One Cause of Action to Another.*

The original declaration in an action against an administrator set forth as the cause of action a contract by the defendant's intestate to pay for services rendered by the plaintiff.   It was held upon appeal that the contract sued on was unenforceable under the Statute of Frauds, because not in writing, but that plaintiff's remedy, if any he had, was by an action on a *quantum meruit* or *quasi* contract.   Plaintiff then filed an amended declaration containing the common counts in *assumpsit*. *Held*, that the action on the *quantum meruit* must be considered as begun when the amended declaration was filed and that the defendant is entitled to plead the Statute of Limitations thereto, the right of action having become barred under the statute after the institution of the first suit and before the amendment was made.

Appeal from the Circuit Court for Washington County (Stake, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER JJ.

*Hy. Kyd Douglas* (with whom was *W. H. A. Hamilton* on the brief), for the appellants.

*Alex. R. Hagner* and *M. L. Keedy*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On the 30th of December, 1899, the appellee, Calvin B. Thirston, brought suit against the appellants, Wm. H. A. Hamilton and J. Rowland Smith, surviving administrators of John B. Thirston, in the Circuit Court for Washington County to recover damages for the breach, by the appellants intestate, of an alleged oral contract to ·devise to him a child's portion of the intestate's estate.

Subsequently, the plaintiff recovered a judgment for the sum of $3,250, but upon an appeal to this Court this judgment was reversed " with liberty to the appellee to apply for the remanding of the case, to permit him to so amend his pleadings as to declare in *assumpsit* for the value of any services rendered by him at the request of the intestate, during his lifetime." (93 Md. 213).

It was held on the former appeal that while the absolute owner of property could make a valid contract for a good and sufficient consideration to execute a will giving a portion of his estate to another person, yet such contracts, when made, like those for the sale of real or personal estate *inter vivos*, are, when orally made, within the operation of the Statute of Frauds and their validity must be tested by its requirements.

It was also held that while the alleged contract set up in the former case was clearly void, as being within the operation of the Statute of Frauds, and the appellee was not entitled to maintain an action upon it, he could recover upon a *quantum meruit* the value of the services rendered by him to his uncle, for from services of this kind, even when rendered in pursuance of a contract within the statute, by one party and accepted by the other a right to compensation arises.

On the 29th of March, 1901, the plaintiff obtained leave to amend his declaration and on the 22nd of April of the same year the declaration was amended so as to declare in *assumpsit* for a *quantum meruit* for services rendered the intestate during his lifetime. To this declaration the defendants at the second trial filed six pleas ; first, never indebted as alleged ; second, never promised as alleged ; third, the cause of action did not accrue within three years before this suit ; fourth, the cause of action did not accrue within three years prior to the commencement of the suit, to-wit, March 29th, 1901; fifth, accord and satisfaction ; sixth, because of the pendency of a suit in the Circuit Court, in equity, against these defendants, for the same cause of action, and seventh, *plene administravit.* The plaintiff for replication joined issue on the defendants' pleas, except the fourth, the one of limitation, which was on plaintiff's motion stricken out by the Court below.

There were two exceptions reserved by the defendants to the rulings of the Court at the second trial of the case. The first relates to the admissibility of certain testimony and the second to the rulings on the prayers. The verdict and judgment being for the plaintiff, the defendants have appealed.

We do not deem it necessary for the purposes of the decision of this case to state at length or to review the rulings of the Court upon either the admissibility of the evidence or upon all the prayers, because we think the defense of limitations is decisive of the case. This defense was presented by the defendants' third and fourth pleas, the latter plea being stricken out by the Court at the trial below on motion of the plaintiff. The fourth plea alleged that the alleged cause of action did not accrue within three years prior to the commencement of this suit, to-wit, March 29th, 1901.

Now it clearly appears from the record that at the trial of the case below all of the witnesses testified that the services for which the plaintiff seeks to recover in this action, were rendered by the plaintiff " between November, 1888, and January, 1898." The plaintiff's amended bill of particulars, filed on the 16th of May, 1901, claims for services rendered and

work and labor done by the plaintiff for the defendants' decedent from November 18th, 1888, to January 4th, 1898. It also appears that none of the witnesses examined by the plaintiff gave any evidence as to the value of the services performed by the plaintiff, nor any evidence that the services were worth $50.00 per month, as specified in the bill of particulars, or any other sum, nor were they asked by the plaintiff as to such value, and no evidence was given by any of the witnesses that the services of the plaintiff, to which they testified, were performed under the contract of 1888, nor any other contract, but all testified that the services were rendered after the date of the contract. No value of services was given, except as set forth in the contract, and that John B. Thirston died in January, 1898.

It is obvious, then, that as John B. Thirston, the defendants' intestate, died in January, 1898, and the suit on the *quantum meruit* was not instituted until the 29th of March, 1901, the date on which the motion to amend the declaration was granted by the Court below, the plaintiff's claim under the evidence in this case is barred by the Statute of Limitations.

But it is insisted on the part of the appellees that the fourth plea was properly stricken out by the Court below because the commencement of the suit was not on the 29th of March, 1901, but on the 30th day of December, 1899, and the amendment of the declaration did not change the form of action. We cannot agree to the appellee's contention. The original declaration was a suit upon an alleged oral agreement and there was no count in the declaration on a *quantum meruit* for the value of the services rendered. The present suit, under the amendment, is an action in *assumpsit*, on a *quantum meruit*, and is a new case.

We think then that under the circumstances of this case the appellants had the right to interpose the plea of limitations as a defence to this suit and it was error in the Court below to refuse to allow the plea and to have granted the motion, to strike it out. *Newcomer* v. *Keedy*, 9 Gill, 263 ; *Bixler* v. *Sellman*, 77 Md. 496 ; *Schulze* v. *Fox*, 53 Md. 43 ; *Dempsey* v. *McNally*, 73 Md. 433 ; 2 *Poe's Pl. & Pr.*, sec. 189.

Md.]

It follows from what we have said that there was error in granting the appellee's prayers and in rejecting those offered by the appellants. The Statute of Limitations being a complete bar to a recovery in this case, we find no ground in the record upon which this action can be sustained. We shall therefore reverse the judgment without awarding a new trial.

> *Judgment reversed and new trial refused, with costs.*

(Decided January 15th, 1902.)