# WILLIAM I. NORRIS *vs.* JOHN AHLES, MAGDALENA KIMMELL, CATHERINE GEAT AND CATHERINE LERP.

*Equity; pleading; Code of Public General Laws, Article 16, section 161; failure to file replication; dismissal of bill; Code of Public General Laws, Article 16, section 177; reinstatement of case on petition; discretion of Court; Code Public General Laws, Article 16, section 148. Decrees; power of Court over; enrollment. Appeals; none from discretionary orders.*

The failure of the plaintiff to file a replication according to the provisions of section 161 of Article 16 of the Code of Public General Laws, entitles the defendant to have the bill dismissed, but does not deprive the Court of power, on satisfactory reason shown, to reinstate the case, before enrollment of the decree. · pp. 64-65

If a plaintiff is to be held to such strict account, a defendant should be held to the letter of the statute, and not permitted to commence the proceedings, upon which he bases the default, until he is so entitled by the law. p. 65

Under this section, where the answer is filed upon the first of the month, the plaintiff has the whole of the 16th day of the same month on which to file the replication. p. 64

A decree does not become enrolled until the expiration of thirty days from the day of its date inclusive. p. 65

Before a decree is enrolled it is within the province of the Court to rescind it; and until enrollment it may be altered, revised or entirely revoked upon application to the Court by petition. p. 65

Judgments for default (excepting some defaults provided for by the Practice Acts) are for the most part subject to control

of the Court during the term after which they are rendered
or before they become enrolled. p. 65

In the absence of some definite rules to prevent it, Courts of
law permit general replications to such pleadings as will not
delay the business of the Courts, to be filed at the call of the
docket, in order to prevent a *non pros.* p. 66

If the bill is dismissed for the plaintiff's default in not filing
a replication, the Court has discretion to rescind the decree
before enrollment, if satisfied justice requires it. p. 66

It is proper to verify an application for the rescission of a
decree dismissing a bill because of failure to file a replication
in time, and to assign satisfactory reasons for the applica-
tion; but these are matters within the discretion of the lower
Court, and the mere fact that such an application was not
sworn to does not justify reversal of the decree. p. 67

Nor does the fact that the petition seems to be in the names of
the solicitors, instead of the plaintiffs, deprive the trial Court
of its jurisdiction to act. p. 67

From orders or decrees within the discretion of the trial Court
an appeal will not be entertained. p. 68

*Decided February 3rd, 1911.*

Appeal from the Circuit Court of Baltimore City
(NILES, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and
URNER, JJ.

*Charles F. Harley,* for the appellant.

*C. Ross Mace* (with whom was *Charles Pierlet,* on the
brief), for the appellees.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from an order rescinding a decree dis-
missing the bill of complaint filed by the appellees against

the appellant, and reinstating the cause.  The defendant (appellant), having filed his answer to the bill of complaint on February 1st, 1910, directed the clerk on February 16th, to enter a "rule further proceedings" on the plaintiffs, and the plaintiffs having failed to file a replication to the answer within ten days after notice of the rule, the Court on February 28th dismissed the bill and required them to pay the costs.  No opinion was filed giving the reasons for rescinding the decree, but the Court might well have relied on the fact, as appears by the dates in the record, that the defendant prematurely entered the rule further proceedings.  Section 161 of Article 16 of the Code, after requiring a general replication to be filed within fifteen days after an answer is filed (excepting under certain circumstances not applicable to this case) provides that: "If the plaintiff shall omit or refuse to file such replication within fifteen days after answer filed, the defendant shall be entitled to a rule further proceedings within ten days after notice of such rule; and upon failure to comply with such rule, the defendant shall be entitled to have the bill dismissed".  It may be remarked in passing that while failure to comply with the rule may entitle the defendant to have the bill dismissed, that does not deprive the Court of the power to reinstate it, if satisfactory reasons be shown.

As the answer was filed on February 1st, the plaintiffs had the whole of February 16th on which to file a replication, as that was "*Within* fifteen days *after* answer filed".  It is true that the record shows that the rule was not served until the 17th, but as the defendant was only entitled to a rule further proceedings, "if the plaintiff shall omit or refuse to file such replication within fifteen days after answer filed", he had no more right to enter the rule on the 16th than he would have had to enter it on any previous day between the 1st and 16th.  The plaintiffs would have had until February 27th, inclusive, if the rule had been laid and served on the 17th, and the decree of dismissal was obtained on February 28th.  If a plaintiff is to be held to such strict

account as to 'make him liable to have his bill dismissed
for one day's default under our equity practice, a defendant
should at least be held to the strict letter of the statute,
and not be permitted to commence the proceedings, upon
which he bases the default, until he is entitled to do so by
the statute. The learned Judge might, therefore, have prop-
erly rescinded the order because the foundation for the
default was based on the premature action of the defendant,
but, regardless of that, we have no doubt of his power to
grant the order.

The application to rescind the decree was filed on March
5th, 1910—just five days after it was passed, and, there-
fore, before it was enrolled, as a decree does not become
enrolled until the expiration of thirty days from its date,
"the day of the date inclusive", section 177 of Article 16.
As is said in *Miller's Eq. Proc.* 355: "Before a decree is
enrolled it is entirely within the province of the Court to
revise it, the decree being subject to the control of the Court
until enrollment. It may be altered, revised or entirely
revoked upon application to the Court by petition". Even
at law judgments for defaults are for the most part subject
to the control of the Court during the term at which they
are rendered, or before they become enrolled. We say "for
the most part" as there may be some defaults, such as those
provided for by the "Practice Acts", which would not be, and
the case of *Heinekamp* v. *Beaty,* 74 Md. 388, shows how far
this Court has felt justified in going to prevent the enforce-
ment of a default. In that case a "rule security for costs"
was laid in September, 1889, and had not been complied with
on September 30th, 1890, when the defendants moved for a
judgment of *non pros.,* but this Court sustained the action
of the lower Court, which permitted the plaintiff to comply
with the rule after the motion for *non pros.* had been made,
but before it was acted on by the Court—although that
statute provided that "the plaintiff shall have until the
second day of the next term to comply therewith, and on
his failure to do so he shall be non-suited". In the absence

of some definite rules which prevent it, Courts of law per-mit general replications or such pleadings as will not delay the business of the Court to be filed at the call of the docket, in order to prevent a *non pros.* 2 *Poe on Pl. and Pr.* 235. When, therefore, a bill in equity is dismissed for default in not filing a replication—especially one which had existed for such a short time as that in this case—it would be strange if the Chancellor was deprived of the discretion of rescinding the decree before its enrollment, if he became satisfied that justice required it. A defendant cannot ordinarily be materially injured by such a course, and the facts in this case well illustrate the wisdom of the rule, in leaving it to the discretion of the Chancellor. If the defendant had not interposed the objection to the rescission of the decree, the replication could have been filed and the case probably heard on its merits months ago, if the parties had been as diligent as the appellant was in enforcing the default, and if such action is to be subject to appeal this case shows what delays may result. There can be no doubt that the plaintiffs could have filed another bill, and hence the defendant could have had no very substantial benefit by the decree—certainly could not be seriously injured by striking it out. The defend-ant undoubtedly had the right to seek the aid of the Court in enforcing the statute, which is intended to prevent unrea-sonable delay on the part of a plaintiff, but if the charges in this bill can be sustained, they are of a character which a Court of Equity should not be too ready to deprive the plaintiffs of the opportunity to prove, merely because of the failure to file a general replication at the time required. On the other hand, if there is no foundation for the charges, the defendant is entitled to be relieved of them, which can be much more speedily done by such action as was taken by the Court below then by permitting that action to be ground for an appeal, for if a defendant is to have the right of appeal when a decree of dismissal is stricken out before the decree is enrolled, there would be at least as much reason

for giving the plaintiff such right upon the refusal .of the Court to rescind the decree of dismissal.

By section 148 of Article 16, it is provided that, "At any time before the bill is taken *pro confesso,* or afterwards (before final decree), by the special leave of the Court or Judge thereof, the defendant may answer, plead or demur to the bill". In *Belt* v. *Bowie,* 65 Md. 350, the Court through Chief Judge Alvey, .said that according to long-established practice, a defendant should assign some satisfactory reason for the delay, and the facts should be verified by his oath, and then added, "But the sufficiency of the reasons assigned are not reviewable by. this Court, nor are the terms upon which the party may be allowed to answer, plead or demur. These are matters of practice properly within the sound discretion of the Court or Judge to whom the application is made. That discretion, however, should always be exercised so as to prevent delay and to promote justice". Now, while there is no specific provision in the statute authorizing a replication to be filed after a bill is dismissed for failure to file it, it cannot be doubted that, under the general control which the Court has over its decrees before they are enrolled, it can rescind a decree such as that before us, and what was said in *Belt* v. *Bowie* can be appropriately applied to such a proceeding. It is undoubtedly proper to require the application to be verified, and to assign satisfactory reasons for the action of the Court, but those are matters which must be left to the discretion of the lower Court, and the mere fact that the petition was not sworn to would not justify us in reviewing its action. Nor do we think that the form of the petition, which seems to be in the names of the solicitors instead of the plaintiffs, deprived the Court of its jurisdiction to act. It treated the petition as one intended to be filed on behalf of the plaintiffs, as is shown by the recital in the order. "The petition of the complainants in the above entitled cause for a reinstatement of said cause having come in for a hearing", etc., but if it be admitted to be, strictly speaking, the petition of the solicitors instead of the plain-

tiffs it was undoubtedly intended to be filed in the interest of the plaintiffs, and if the Court had the power to rescind its decree, as we hold it did, we would not entertain an appeal from that action, wisely left to the discretion of the lower Court, merely on such a technical ground. We must assume that that Court concluded that justice to the parties required, or at least authorized, it to take the action it did, and as it was dealing with a subject within its jurisdiction, it would require more than we have before us to justify our interference. At the hearing of such applications, the granting of which are within its discretion, the Court sometimes obtains information which affects the equity and justice of the matter, but does not become a part of the record.

If then the Court's attention was called to the fact that the action of the defendant, which was the basis of the proceeding which was supposed to put the plaintiffs in default, was prematurely begun, because it was begun before the expiration of the fifteen days, that might have been deemed a sufficient reason to induce the Court to pass the order, but if that was not the case, the rescission of the decree was in its discretion, and hence, in our judgment, the appeal should not be entertained.

> *Appeal dismissed, the appellant to pay the costs.*