CRAWFORD *v.* RICHARDS

[No. 164, October Term, 1948.]

*Decided May 19, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Emilie A. Doetsch* and *George E. Brown, Jr.,* for appellant.

*Charles Z. Heskett,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Allegany County, dated December 22, 1948, dismissing a petition of the appellant (plaintiff below) praying that her case be removed from the stet docket to the trial docket. To understand the contentions of the parties it is necessary to state the history of the proceedings in detail.

Elizabeth L. Crawford, administrator *d. b. n.* of the estate of Millard F. Crawford, duly appointed by the Orphans' Court of Baltimore City, brought an action at law by titling against W. Carl Richards on September 21, 1945. On the same day the action was docketed and the defendant was returned "summoned". On October 18, 1945, the plaintiff forwarded by registered mail to the clerk of the court, a paper designated "declaration in titling", which was a printed form of "narr, under act of 1902, chapter 409", containing the common counts and a special count upon four promissory notes, one dated May 1, 1939, and three dated May 1, 1940, all payable one year after date, in the total sum of $2,138. The paper contained a notice to plead, affidavit that the sum, with interest, was justly due and owing, and a printed direction to the clerk to issue summons returnable to the second Monday in November. The notes were attached to the declaration as exhibits.

These papers were accompanied by a letter from the attorney for the plaintiff in Baltimore to the clerk of court in Cumberland, reading as follows: "Thank you for your kindness in acceding to my request for copies of the form for filing declarations under the Practice Act of Allegany County, Laws 1902, c. 409. Under separate cover, by registered mail and special delivery, I am mailing you a 'declaration in titling', and copy, to be filed in the case of 'Elizabeth L. Crawford of Baltimore, Maryland, administratrix *de bonis non* of Millard F. Crawford, deceased, late of Baltimore, Maryland vs. W. Carl Richards of Cumberland.' I understand that it should be in your hands by the twenty-second of October".

On October 19, 1945, the clerk docketed these papers as an original action at law, issued summons which was duly served by the sheriff on October 31, 1945, and copy of *narr.* left with the defendant. On November 20, 1945, the defendant filed general issue pleas and two pleas of limitations, with affidavit of defense under the act. On December 6, 1945, the plaintiff filed a replication. Depositions were taken by the plaintiff before an examiner in

Baltimore, and filed on January 23, 1947. On October 8, 1948, the plaintiff filed a motion "for trial by jury", to which the defendant filed a motion *ne recipiatur*. The docket entries do not show that these motions were ruled upon.

On November 15, 1948, the plaintiff, in open court verbally petitioned the court to "consolidate" the case by titling, docketed September 21, 1945, with the declaration docketed October 19, 1945. On the same day the docket entries contain the notation: "Leave for consolidation granted to bring case heretofore docketed forward; which leave is to be taken without advantage or prejudice to the parties to this cause". The case was then marked "continued". On November 16, 1948, the plaintiff filed a petition praying the court "to pass an order removing the titling of the case from the stet docket, so that the way may be cleared for the trial of the case on its merits at the January Term of court". The defendant moved for a dismissal of the petition, alleging that the case first docketed as no. 14 Originals, October Term, 1945, later designated as no. 11 Trials, July Term, 1947, had been placed upon the stet docket as stet case no. 3558; that it was now consolidated with the case subsequently docketed; that more than four terms had expired since the case was placed on the stet docket; that the case "is now *non pros*", and cannot be revived.

Rule 1, section 10, of the Circuit Court for Allegany County reads as follows:

"Either party by giving notice in writing to the adverse party, or his attorney, fifteen days previous to the term of court commencing next after said notice, may have a case on the Stet Docket set for trial by the Court at said term next ensuing, and it shall then be tried (unless continued for cause shown) at such time as the Court shall fix, without prejudice to other cases. If no such notice is given before the fourth term after entering the stet, said cause shall be considered as non prossed, unless enjoined or under rule reference, or

awaiting the decision of other cases involving similar questions, * * *." The court, in a written opinion, stated that the "rule is absolutely binding". Thereupon, he signed the order appealed from, dismissing the plaintiff's petition to have the case by titling transferred to the trial docket.

Despite the fact that the docket entry, granting leave to "consolidate" the two docketed cases, spoke of bringing "forward" the case originally docketed "without prejudice", the court seems to have treated the cases as consolidated in the original suit. The plaintiff seems to have acquiesced in this construction, since she moved to transfer the case from the stet docket to the trial docket. Moreover, the plaintiff has never suggested that there were two cases. On the contrary, she asserts a right to try the case originally docketed, and contends that the clerk erred in docketing the declaration as a second suit. We have no doubt that the clerk did err in so doing. While he was doubtless confused by her direction to issue a second summons and by the declaration purporting to be brought under and complying with the requirements of the act of 1902, nevertheless the inscription "declaration in titling", and the letter referring to a case between the same parties and stating that the attorney understood "it should be in your hands by the twenty-second of October", were sufficient, we think, to put him on notice of the suit by titling which he had docketed on September 21, 1945.

The court has power to correct clerical errors. *Weighorst v. State*, 7 Md. 442. What was said in *May v. Wolvington*, 69 Md. 117, 121, 14 A. 706, 708, is apposite here: "When an attorney delivers to the clerk his pleas, properly entitled, with a direction in writing to file them, he can do nothing more. If by mistake or inadvertence, the clerk files them in a case to which they are not directed, he is not by any means to lose the benefit of them. When a party has complied with all the requirements of the law, there is no rule of right reason which would punish him for the errors of a ministerial officer

of the court. These defendants have done nothing to forfeit the invaluable privilege of being heard in their own defense. It is but simple justice that they should have the benefit of their pleas. They must be considered as filed in the proper case. They were, in legal effect, filed therein. The fact that the clerk placed them in the wrong bundle of papers, and made the docket entries in the wrong suit, has no more effect in defeating the rights of the defendants, than if he had mislaid them in any other way, or had lost them."

Treating the case as one original suit, the question arises as to whether the court erred in refusing to remove the case from the stet docket. Rule 1, section 9, of the Circuit Court for Allegany County, provides that the clerk shall enter on the stet docket all civil cases "not otherwise disposed of at the sittings of the fourth term after they are placed on said Trial or Appeal Dockets * * *." It is contended that even if the declaration and pleadings had been properly docketed in the original suit, the case was properly entered on the stet docket in the July Term, 1947, and after the lapse of four more terms without notice to have the case set for trial as required by Rule 1, section 10, the case must be "considered as non prossed" under that rule. There was, of course, no motion by the defendant and no judgment of *non pros* in either case. It is not clear from the record whether the plaintiff gave notice to the defendant or not. She did, however, file depositions in January, 1947, of the taking of which the defendant had notice, and on October 8, 1948, she filed a motion for trial by jury. In answer to that motion the defendant filed a motion *ne recipiatur,* alleging, among other things, that the "matters presented by the motion were also presented at a prior term of this court". On November 15, 1948, the case was marked "continued". These actions and entries do not indicate that the plaintiff slept upon her rights, or that a *non pros* would have been in order in the case erroneously docketed.

But regardless of whether there was a technical compliance with the rule as to notice, we think the trial court had the power to reinstate the case under the circumstances. The court did not exercise its discretion, but referred to the rule as "absolutely binding." An enrolled judgment should not be set aside "except where it has been shown by clear and convincing proof that the judgment was obtained by fraud, surprise, mistake or irregularity. * * * In passing upon such a motion, the trial court considers the equities and determines whether the motion is supported by evidence of circumstances which require that the judgment be set aside in order that the ends of justice would be subserved." *Harvey v. Slacum,* 181 Md. 206, 209, 29 A. 2d 276, 277. The court in that case was considering a judgment by default, but the principle is the same. *Cf. Denton National Bank v. Lynch,* 155 Md. 333, 142 A. 103. The plaintiff is asserting a right to try the case she instituted on September 21, 1945, to which the defense of limitations was raised. She asserts, without contradiction, that even though she may be entitled to file a new suit at this time, her right has been prejudiced, if not destroyed, by the action of the trial court in treating the case as *non prossed* and refusing to reopen it for trial.

While there was no motion to dismiss the appeal, it was suggested at the argument that the court's order was not final or appealable. A judgment of *non pros,* followed by a judgment for the defendant for costs, is generally held to be final and appealable, even though the plaintiff may have a right to bring another suit. *2 Poe, Practice,* (5th Ed.) § 362; *Stabile v. Danini,* 132 Md. 567, 103 A. 1048. On the other hand, it has been held that where the court refuses, in the exercise of its discretion, to reinstate a case after *non pros,* the order is not final or appealable. *2 Poe, Practice* (5th Ed.) § 235 A; *Andrews v. Central National Bank,* 77 Md. 21, 28, 25 A. 915, 917. In the case last cited the appeal was dismissed although it was contended that it was too late to institute another suit because limitations had run.

244

However, the motion to reinstate was by persons not parties to the suit, who had been guilty of negligence and long delay, and stress was laid upon the fact that the suit was for the enforcement of a penalty. The court also said: "There may be cases in which a court might, perhaps, be required, for the sake of justice, to try to except this case from the general rule that there is no appeal from the exercise of discretion." In *Laurel Canning Co. v. Baltimore & O. R. R.*, 115 Md. 638, 81 A. 126, this court entertained an appeal from an order of the trial court refusing to transfer a case from the stet to the trial docket, and affirmed the order. In that case the court found no reason, except neglect, for the plaintiff's delay. In the case at bar the court did not, in fact, exercise any discretion, and the record does not show negligence on the part of the plaintiff, but on the contrary shows that the failure to prosecute the initial suit was due to the mistake or irregularity. We think the case is properly before us and that the court erred in declining to reinstate it for trial.

*Order reversed and case remanded, with costs.*