PETITE *v.* ESTATE OF PAPACHRIST, DECEASED, SOPHIA PAPACHRIST, ADMINISTRATRIX

[No. 138, September Term, 1958.]

174

*Decided February 18, 1959.*

The cause was argued before HENDERSON, HAMMOND,

PRESCOTT and HORNEY, JJ., and HENRY, JR., Chief Judge of the First Judicial Circuit, specially assigned.

*B. Sydney Becker,* with whom was *G. Howlett Cobourn* on the brief, for appellant.

No brief and no appearance for appellee.

HORNEY, J., delivered the opinion of the Court.

The Circuit Court for Harford County, by its order of July 11, 1958, refused to reinstate on the trial docket a cause of action which had been "dismissed for want of prosecution" by the clerk of court pursuant to the provisions of a local rule. The plaintiff below appealed. No brief was filed in this Court on behalf of the appellee.

Chapter 719 of the Acts of 1939, which was merely declaratory of the rule making powers of the courts of this State, specifically conferred on the circuit courts of the counties power to adopt rules governing the practice and procedure in such courts so long as such rules were not inconsistent with the rules of this Court or with any statute then or thereafter in force.[1] Thus, it is clear that on December 15, 1947, the Circuit Court for Harford County had power and authority to adopt local rules concerning its general, appeal and criminal dockets (Rules 1, 2, 3), its stet docket (Rule 4) and the order of trial of cases on the general trial docket (Rule 5).

In substance Rule 1 provides that all cases on the law side of the court—other than appeals and criminal cases—shall be entered on the general trial docket when each case is filed, and further provides that all subsequent entries and proceedings pertaining to the case shall be entered thereon. Rule 4 provides that all cases which have been on the general trial docket for one year shall be marked "stet"—short for *stet processus*—by the clerk—thus staying all proceedings in such cases unless and until revived—and that all stetted cases not

---

1. That part of the statute herein referred to became Art. 26 § 37 in the Codes of 1939 and 1951 and § 27 in the Code of 1957, and, together with a part of former General Equity Rule 55, has been incorporated in Maryland Rule 1 f.

revived within one year after the entry of a stet shall be marked "dismissed for want of prosecution" by the clerk. Rule 5 provides that all cases on the general trial docket "not in default in pleading" shall stand for trial in the numerical order in which the cases appear on the trial docket.

The docket entries in this case show that suit was filed on November 12, 1953. The defendant was summoned on the same day, and an appearance by an attorney was entered for him eight days later. No further action was taken until November 13, 1954, when the case was stetted under the rule. On March 4, 1955, on motion of the plaintiff-appellant, the case was revived, and the defendant filed a general issue plea on March 18, 1955, but there was never a joinder of issue. [The case was reached for trial on March 21, 1955, but because the defendant was not ready, it was postponed with the consent of the plaintiff-appellant.] The case was stetted for the second time on March 5, 1956, and was dismissed on March 6, 1957, for want of prosecution under the rule. On December 6, 1957, the plaintiff-appellant "petitioned" the court to reinstate the case on the trial docket. The administratrix of the estate of the defendant, who answered promptly, opposed reinstatement. At a hearing on the "petition and answer", at which arguments were heard, the circuit court dismissed the petition.

The plaintiff-appellant, complaining that the local rules are not clear, definite and fair, contends that the case should not have been placed on the trial "calendar" until it was at issue, and that a stet should not be entered until the expiration of one year from the date the action was at issue. His contentions are without merit. We know of no rule of court, either general or local, nor have we been referred to any statute, which prevents the placement of a case on the trial docket before the action is at issue or which forbids the entry of a *stet processus* until after the case has been at issue for a year. Even though prior to the effective date of the Maryland Rules, a joinder of issue was necessary,[2] it could be waived. *Soper*

---

**2.** By Maryland Rule 312, a formal joinder of issue is no longer necessary.

*v. Jones,* 56 Md. 503 (1881). However, it is clear that the rules of the Circuit Court for Harford County are controlling. It may be that such rules are too stringent, but they are certainly not unclear and indefinite. Whether or not the rules should be amended so as to approximate the more liberal local rules with respect to stetting cases and trial procedures in other *nisi prius* courts of the state is a matter for the Circuit Court for Harford County to determine pursuant to the provisions of Rule 1 f, *supra.*

The plaintiff-appellant, who had the right to compel a prompt trial of his cause of action against the defendant, but, by his obvious inaction, allowed the case to be dismissed for want of prosecution, elected to base his petition for relief from the order of dismissal only on the grounds that the statute of limitations barred the filing of a new action against the estate of the deceased defendant and that he would suffer "irreparable damage" unless the original action was reinstated. Neither of these reasons, without more, were sufficient to afford the plaintiff-appellant the relief he sought. Under the circumstances, we are compelled to assume that he was unable to allege and substantiate facts tending to show that the order of dismissal had been fraudulently, mistakenly or irregularly entered. See Maryland Rule 625. A dismissal for want of prosecution is in the nature of a final judgment over which a court has revisory power and control. See *Crawford v. Richards,* 193 Md. 236, 66 A. 2d 483 (1949), in which a judgment of *non-pros* was deemed to be analogous to an enrolled judgment.

> *Order affirmed, the appellant*
> *to pay the costs.*