## RYAN *v.* JOHNSON

[No. 218, September Term, 1958.]

*Decided May 11, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Dallas F. Nicholas,* with whom were *Nicholas & Gosnell* on the brief, for appellant.

*Edward L. Putzel,* for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The question here is whether or not the trial court abused its discretion in refusing to grant the defendant's motion to strike out a judgment in favor of the plaintiff entered by default in a suit in assumpsit, in which the plaintiff filed with his declaration a motion for summary judgment, a notice to plead and an affidavit in support of the motion, to which was appended a statement of the plaintiff's claim. (See Maryland Rule 610.)

The suit was filed on September 12, 1958, the defendant was returned as having been summoned on September 20th, the return day was October 6th, and the time for pleading expired fifteen days thereafter. No plea or answer to the motion was filed within that time. On October 22nd, 1958, judgment by default for want of a plea was entered, and on the same day judgment in favor of the plaintiff was extended for the amount of his claim, $513.11, plus interest and costs. On October 29th, 1958, the defendant filed a motion to strike out the judgment, which was supported by her affidavit, and on November 21st, after a hearing, the motion was denied. This appeal followed, and is from both the denial of the motion to strike and the judgment.

The motion and affidavit alleged among other things that the defendant had turned the papers in the case over to her counsel, that due to an inadvertence on his part he miscalculated the time for pleading, that as a result thereof he was three days late in filing (or seeking to file) a demurrer (the ground of which is neither stated nor apparent), and that on October 24th, after judgment had been entered, the clerk of the court refused to accept the demurrer. The motion further asserted that the defendant had a meritorious defense, that she denied having promised to repay the plaintiff for the amounts of the two bills against her which he had paid for her and that the suit was "motivated by the fact that the plaintiff and the defendant are no longer 'keeping company'." The defendant's affidavit in support of the motion, which is referred to but not printed in the record extract (though it should have been), states more clearly what we think is

fairly inferable from the motion—that the defense was that the payments by the plaintiff constituted gifts.

The motion to strike the judgment was filed within the thirty-day period during which the trial court had revisory power over its judgment in a civil case under Rule 625. In his opinion denying the motion, the trial court expressed the view that the defendant must show a "very meritorious defense" and then appears to have held that the defense proffered was not even a valid defense. His oral opinion concludes as follows: "In this case, looking at the proceedings and what has been told by counsel, it looks as though here [were] a boy friend and girl friend [who] broke up, and he made certain advances according to her statement which were as gifts; but her property was improved and she's got the benefit of the improvements. It looks as though all she can say to him is that he is an Indian Giver, but the motion to strike out the judgment will have to be overruled." [Punctuation somewhat altered from that appearing in the record extract.]

We think that the asserted defense that the payments were gifts, if substantiated, would constitute a valid and meritorious defense. See *Restatement, Restitution,* § 58, which states: "A person who has conferred a benefit upon another, manifesting that he does not expect compensation therefor, is not entitled to restitution merely because his expectation that an existing relation will continue or that a future relation will come into existence is not realized, unless the conferring of the benefit is conditioned thereon."

Since the trial court appears to have proceeded upon a contrary view of what would constitute a valid defense, we think that the denial of an opportunity to present the defense here asserted resulted in an abuse of the court's discretion in refusing to strike out the judgment. The case, we think, meets the test recently stated in *Clarke Baridon v. Union Asbestos and Rubber Co.,* 218 Md. 480, 483, 147 A. 2d 221, 223, where we said: "After the judgment properly was entered, the question of whether it should or should not be vacated in whole or in part was within the sound discretion of the trial court for the ensuing thirty days. The decisive

point no longer was whether there existed a genuine dispute as to a material fact, but rather whether the court was satisfied that there had been shown a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment—that is, whether the court entertained a reasonable doubt that justice had not been done. *Phelps v. Herro, supra;* [215 Md. 223, 137 A. 2d 159]."

We are, as above stated, of the opinion that, by her motion (and supporting affidavit), the defendant did sufficiently present what would constitute a meritorious defense—that the payments made by the plaintiff constituted gifts. Accordingly, such a case as *Malone v. Topfer,* 125 Md. 157, 93 A. 397, is not controlling. There, after a trial on the merits, the defendant moved to strike out the judgment and assigned as one of the grounds therefor that he had a good and meritorious defense. This Court, in affirming the denial of the motion, pointed out that the nature of the alleged defense was not shown, that the defendant had had ample opportunity to present it, that he was not taken by surprise and that he made no offer to contradict a single material fact adduced by the plaintiff in support of her case.

The Municipal Court of Appeals for the District of Columbia, on facts similar to those before us, although in that case the negligence was the defendant's, reviewed the factors which should be taken into account in determining whether the trial court had abused its discretion in refusing to strike a default judgment where the appellant had miscalculated the return day. *Manos v. Fickenscher* (D.C. Mun. App.), 62 A. 2d 791. Recognizing that competing considerations are involved in cases such as these, the court there observed that "it is important that cases be decided on their merits, and, on the other hand, it is important that litigation be concluded finally and with reasonable dispatch." It was pointed out that "Appellant ought to have given more care to the summons, noted the return day and arranged for his appearance in court in proper time." However, the court noted that there was nothing in the record to indicate a lack of good

faith on the appellant's part or that he wilfully disregarded the process of the court (a factor which was rather strongly emphasized), that he acted with reasonable diligence after realization of his default, that he made a prima facie showing of a meritorious defense, and that no rights of third parties had intervened in the meantime nor was there any showing that the granting of the motion would have worked to the prejudice of the appellee. On ,the basis of these considerations it was held that the trial court had abused his discretion in refusing to set aside the default judgment.

The case of *Pumphrey v. Grapes,* 215 Md. 573, 138 A. 2d 916, was referred to (though not by name) by the trial court. Although that case, like the instant case, involved inadvertence or inattention on the part of counsel, it also involved a judgment which had become enrolled by lapse of time. It was, therefore, controlled by the restricted power of revision (applicable only in case of fraud, mistake or irregularity) which exists after the passage of thirty days from the date of the judgment and not by the broader power of revision which exists, as in the present case, during that thirty-day period. In short, this case falls under the first sentence of Maryland Rule 625, the *Pumphrey* case under the second.

The motion to strike out the judgment should have been granted, and the defendant should have been permitted to file a plea or pleas setting up her defense.

> *Judgment reversed and case remanded for further proceedings; the costs of this appeal to be paid by the appellee.*