SCHNAPPER *v.* YOE

[No. 90, October Term, 1949.]

574.

*Decided March 8, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*James J. Lindsay*, with whom was *Theodore Sherbow* on the brief, for the appellant.

The Court declined to hear argument for the appellee. Submitted on brief by *Max R. Israelson* and *Joseph I. Pines* for the appellee.

COLLINS, J., delivered the opinion of the Court.

John E. Yoe, appellee here, plaintiff below, on March 22, 1945, by Max R. Israelson, Esq., his attorney, filed a suit against Harry Schnapper, individually and trading as Diamond Cab Company, defendant below, appellant here, for personal injuries and property damage alleged to have been sustained as a result of a collision between the automobiles of the appellant and the appellee. James J. Lindsay, Esq., on May 11, 1945, entered his appearance and filed as attorney for the defendant a general issue plea.

The case was placed on the trial docket for seven terms of court. On June 20, 1948, the Clerk of Court under the provisions of Rule 534 of the Supreme Bench of Baltimore City marked the case "dismissed for want of prosecution," and entered a judgment of *non pros* for the defendant for costs of suit.

Later, Harry Schnapper, individually and trading as Diamond Cab Company, appellant here, by another attorney Maurice W. Zetlin, filed a separate suit for property damage and personal injuries, arising out of the same collision, against John E. Yoe, appellee here.

On April 26, 1949, Max R. Israelson, Esq., filed in the case at bar the following petition:

"1. That he filed the above entitled action on March 22, 1945.

"2. That approximately at the same time a suit arising out of the same action; namely, an automobile accident on December 28, 1944, between the vehicles of the parties named, was filed by Harry Schnapper against your Petitioner, in this Court.

"3. That both of these cases were called upon the trial docket a great number of times and that your Petitioner and his Counsel were ready at all times for the trial of the same; that for almost two years after these cases were docketed they were called and agreed among counsel for the respective parties to be tried together; that no formal Petition for consolidation was ever filed.

"4. That unbeknown to your Petitioner or his counsel, who assumed that the cases were being called and would be set for trial together, on or about January 31, 1947, the instant case was dismissed under Supreme Bench Rule 534 for lack of prosecution although the companion case of *Schnapper v. Yoe,* was called from time to time and did not come within the province of said rule.

"5. That recently your Petitioner's counsel, upon being advised that the case of *Schnapper v. Yoe* would be up for trial, examined the Court docket to insure the trial of both cases at one time as originally agreed among counsel and, discovered for the first time that said dismissal had been entered; that at all times prior to the dismissal of said case all counsel for the representative parties, including counsel for Schnapper as Defendant in the case of 'John E. Yoe v. Harry Schnapper, etc.' agreed that said cases were to be tried together.

"6. That personal counsel for Harry Schnapper, individually and trading as Diamond Cab Company, Defendant, in the case of 'Harry Schnapper, etc. v. John E. Yoe,' consent to the reinstatement of the case of 'John E. Yoe v. Harry Schnapper, etc.'; however, counsel for the insurance carrier in the case of 'John E. Yoe v. Harry Schnapper, etc.' while expressing a willingness to do so, has advised that the insurance company 'regret that they must decline the request.'

"7. That your Petitioner desires and respectfully request this Honorable Court to reinstate the instant case of *Yoe v. Schnapper* so that it may be tried along with the case of *Schnapper v. Yoe* at some date convenient to counsel for the respective parties."

On the same day the following assent was filed in the instant case:

"The undersigned hereby confirm that the matters and facts stated above are true and correct to the best of our knowledge and information; and as personal counsel for Harry Schnapper we did agree with counsel for John E. Yoe that these cases be tried together; and further, that we consent to the reinstatement of 'Yoe v. Schnap-

per' which has hitherto been dismissed under Supreme Bench Rule 534.

"Wm. K. Barrett,

"Maurice W. Zetlin,

"Attorneys of Harry Schnapper,

"Plaintiff in case of Schnapper v. Yoe."

On April 29, 1949, James J. Lindsay, Esq., as attorney for appellant, filed in this case the following answer to the aforesaid petition filed on April 26th:

"Harry Schnapper, individually and trading as Diamond Cab Company, the Defendant in the above cause of action, and insured under the Statutes of the State of Maryland in the American Fire and Casualty Company of Orlando, Florida, by James J. Lindsay, his and its attorney, answering the Petition and Order Nisi in the above entitled matter, respectfully represents unto the Court:

"1. That the suit asking damages in the amount of $1,000.00 for property damage and personal injuries grew out of a collision between a taxicab owned and operated by Schnapper and the automobile of Yoe at 6:30 P. M. on December 28, 1944; that suit was filed on March 22, 1945 that on April 11, 1945, the Defendant, Schnapper, filed a General Issue Plea.

"2. That this Defendant has no information whatsoever as to the filing of a suit on behalf of Schnapper against the above named Plaintiff; general information discloses, however, that some time after March 22, 1945, suit was filed by this Defendant against the Plaintiff herein by Maurice W. Zetlin, Esquire, Attorney, but that the Defendant's Attorney for purposes of defending this action had no knowledge as to the merits of said cause of action.

"3. This Defendant does not know how many times this case was called for trial but inasmuch as it was at issue on April 11, 1945, your Respondent believes that it must have appeared on the trial docket of the Superior Court of Baltimore City in the May Term of 1945, the September Term of 1945, the January Term of 1946,

the May Term of 1946, the September Term of 1946, the January Term of 1947 and the May Term of 1947. During this period, counsel for the Defendant herein has no knowledge as to any agreement that the cases be tried together and no Petition for Consolidation was ever filed.

"4. That this Defendant was aware that the case was not being prosecuted and that it was dismissed for lack of prosecution but was not interested in the proceedings of Schnapper v. Yoe; that the following of its dismissal, your Respondent, through his Attorney, so informed his principal, whereupon, the file was retired, investigation has disappeared and a hardship will be sustained by this Defendant in reinstating this suit for trial after a period has elapsed for several years.

"5. That answering Sixth Paragraph of the Plaintiff's Petition, the real Defendant in this case is an insurance company and cannot be bound by the statement of the personal attorney for the assured; counsel for the insurance carrier has advised the insurance company of the situation and they have informed him of their objection to reinstatement of this case.

"Wherefore, Harry Schnapper, individually and trading as Diamond Cab Company and the American Fire and Casualty Company of Orlando, Florida pray that the Order Nisi be stricken out and the Petition dismissed."

After hearing on the petition and answer, the judge ordered that the case at bar "be and the same is hereby reinstated." From that order reinstating the case the appellant, by James J. Lindsay, his attorney, appeals to this Court.

From the answer filed in this case it appears that appellant carried liability insurance. Mr. Lindsay was employed by the insurance company. It is contended in this case that good cause must be shown before a judgment of *non pros* entered for want of prosecution may be stricken out after the term of court in which it was docketed, and that no good cause was shown in the instant case. However, it is not necessary for us to pass upon

that question here. The appellant by other attorneys, William K. Barrett and Maurice W. Zetlin, has consented to the reinstatement of the case on the docket and to the striking out of the *"non pros."* Neither in his answer to the petition nor in his argument in this Court, is Mr. Lindsay able to deny the authority of attorneys Barrett and Zetlin to file the hereinbefore recited "assent," on behalf of the appellant.

It was said by this Court in the recent case of *Brooks v. Brooks*, 184 Md. 419, at page 426, 41 A. 2d 367, at page 369: "The action of an attorney in the course of litigation in which he is employed is binding upon his client. Poe's Practice, Tiffany's Ed., p. 22, par. 7, and numerous cases there cited. There is a *prima facie* presumption that he is acting under the authority given him. This, of course, may be rebutted * * *." There is no rebuttal of this presumption here. *McCauley v. State*, 21 Md. 556, 569; *Smith v. Black*, 51 Md. 247, 252; *Fritchey v. Bosley*, 56 Md. 94, 98, 99; *Margos v. Moroudas*, 184 Md. 362, 371, 40 A. 2d 816. The complaint here seems to be that the appellant has breached his contract with the insurance company. That question is not before us in this case. If the insurance contract has been so breached by the insured that the insurer is released from liability the insurer may act accordingly. The order will be affirmed. Poe's Pleading and Practice, 4th Edition, vol. 2, Sec. 826(3).

*Order affirmed, with costs.*