WILLIAMS, ETC. *v.* SNYDER, ADMINISTRATOR

[No. 19, September Term, 1959.]

*Decided November 23, 1959.*

*Motion for rehearing filed December 23, 1959, denied and per curiam filed January 15, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John Brockenbrough Fox,* with whom was *David Fried-man* on the brief, for the appellant.

*Robert S. Rody* and *Julius S. Levy,* with whom was *Julius G. Maurer* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

When the Court of Common Pleas granted a second motion to strike, by setting aside an enrolled judgment of *non pros* and ordered that a damage suit for personal injuries should be reopened for trial, the defendant appealed claiming the court lacked authority to make such order.

On April 28, 1955, Max Schneider sued Philip Williams (the defendant), individually and trading as Williams Barber Shop, for injuries sustained when he fell while descending a basement stairway on November 12, 1952. Subsequently, upon the death of the original plaintiff, his personal representative, George Snyder, was substituted as plaintiff. Thereafter, when the case was called for trial on September 16, 1958, plaintiff's counsel appeared but the plaintiff did not and the case was postponed until the following day. On that day [September 17], when the case was called again—the

plaintiff not being present although his counsel was—the court dismissed the case. The clerk, pursuant to the provisions of the rules of the Supreme Bench of Baltimore City [Rule 731], after noting that the plaintiff had "submitted to *non pros* in open court, entered a judgment absolute in favor of the defendant for costs.

Within the thirty-day period fixed by Maryland Rule 625, the plaintiff moved to strike out the judgment of *non pros*, which, after answer by the defendant, was denied by the court and another judgment absolute in favor of the defendant, apparently for costs on the motion, was entered. Three and one-half months later the plaintiff filed a second motion, which was also answered by the defendant, but in this instance the court, after a hearing on the motion and answer, granted the motion to strike out the judgment of *non pros* and reopened the case for trial.

The reasons assigned by the plaintiff for granting the first motion was that he had a valid claim and that if the judgment was stricken he would be able to establish primary negligence on the part of the defendant. In reply to this motion, the defendant alleged that plaintiff's counsel had informed defendant's counsel—after the case had been first called for trial *on September 16* and temporarily delayed to allow counsel time to locate his client—that the plaintiff was in his counsel's office, but that when the court was apprised of this fact, the trial of another case having been begun in the meantime, the case was postponed to September 17. The plaintiff did not then deny the alleged reasons for his absence.

In the second motion to strike, the plaintiff alleged for the first time that the reason he did not appear on September 17, 1958, was because he had understood—since his then counsel, who was a member of the Workmen's Compensation Commission, was disqualified from representing him[1]—that the

---

1. The record discloses that plaintiff had two attorneys, Lester H. Crowther, Esq., and Clarence E. Pusey, Jr., Esq., neither of whom struck out his appearance until three days before the denial of the first motion to vacate the judgment when they gave a joint order to strike their appearances. The former was a member of

trial would be postponed to a later date to afford plaintiff an opportunity to engage new counsel. In this motion—perhaps because he was confused as to the date—the plaintiff denied that he had been in the office of his counsel on *September 17* and exhibited at the hearing on the second motion a certificate to the effect that he had been in his doctor's office on that date. The plaintiff further alleged that he had never refused to appear in court and that he was shocked and surprised when he was advised that a judgment of *non pros* had been entered against him. In his answer, the defendant denied the material allegations of the second motion and asserted that the issue raised therein had "already been adjudicated." The record, however, is silent as to whether or not the lower court decided the question of *res judicata*.

Relying on several of the Maryland Rules relating to appeals to this Court, particularly Rule 835 a and 835 b 5, the plaintiff-appellee moved to dismiss the appeal, contending, among other things, that the appeal was prematurely taken from a *pro forma* order and that the appendix does not contain such parts of the record as are necessary for a determination of the questions presented by the appeal. The motion to dismiss cannot prevail. There is nothing on the face of the record to substantiate the claim that the order appealed from was passed as a matter of form. Moreover, we think there is enough in the appendix, which contains the docket entries, the pertinent motions and the answers thereto as well as the order appealed from, to enable us to determine the questions raised by the appeal. The motion to dismiss is, therefore, denied and the appeal will be disposed of on its merits.

Since the effect of the voluntary dismissal of the action necessarily affects the subsequent pleadings, we think it is appropriate to point out that under Rule 541 e, a "dismissal" of an action includes a voluntary judgment of *non pros*. Furthermore, unless otherwise specified in the order of court

---

the commission referred to, but there is no explanation why the latter could not have tried the case on the second day it was called for trial.

dismissing the action, a dismissal is without prejudice and, except as noted in the rule, does not operate as an adjudication upon the merits. Rule 541 c. Thus, the judgment of *non pros* was final in that it terminated the action and entitled the defendant to a judgment for costs. 2 Poe, *Practice* (Tiffany's ed. 1925), § 362; *Crawford v. Richards,* 193 Md. 236, 66 A. 2d 483 (1949). See also *Petite v. Estate of Papachrist,* 219 Md. 173, 148 A. 2d 377 (1959). Cf. *Boyd v. Kienzle,* 46 Md. 294 (1877). Nevertheless, the dismissal, being without prejudice, was not a final disposition of the case on the merits and did not bar another suit on the same cause of action. Poe, *op. cit., supra,* § 362; *Crawford v. Richards, supra.* It is apparent, however, that the defendant would have been entitled to plead limitations to a second suit since the plaintiff's right of action was barred by the statute of limitations as of November 13, 1955. Cf. *Hamilton v. Thirston,* 94 Md. 253, 51 A. 42 (1902).

The state of the record, as we read it, presents three issues: (i) whether the order setting aside the judgment of *non pros* is presently appealable; (ii) whether the order denying the first motion to strike is *res judicata* to the second motion; and (iii) whether the second motion to strike stated such a case of fraud, mistake or irregularity as justified the lower court setting aside the judgment of *non pros* under the last sentence of Rule 625, *supra,* concerning the revisory power of the courts over a final judgment after enrollment.

(i)

The order appealed from is presently appealable. There is no doubt that when a motion to strike out a judgment is made during the period prescribed by the rule that the granting or refusal of the motion is within the sound discretion of the court. Cf. *Corbin v. Jones,* 199 Md. 527, 529, 86 A. 2d 911, 912 (1952) ; Poe, *op. cit., supra,* § 389. See also *Laubheimer v. Johnson,* 98 Md. 685, 57 A. 539 (1904) ; *Norris v. Ahles,* 115 Md. 62, 80 A. 654 (1911) ; *Tiller v. Elfenbein,* 205 Md. 14, 106 A. 2d 42 (1954) ; *Ryan v. Johnson,* 220 Md. 70, 150 A. 2d 906 (1959). But, after the lapse of the thirty-day period, the power of the court to revise and control such

judgment is no longer discretionary. Moreover, when the judgment became enrolled the defendant acquired a substantial right in the judgment of *non pros* of which he cannot be validly deprived except upon a showing of fraud, mistake or irregularity. Rule 625, *supra;* Poe, *op. cit., supra,* § 390. Therefore, when the lower court vacated the judgment of *non pros* and reopened the case for trial—which had the effect of reinstating a cause of action which was otherwise barred by limitations—the defendant had an immediate right of appeal to this Court. *Wagner v. Scurlock,* 166 Md. 284, 296, 170 A. 539, 544 (1934) [order granting motion to strike out judgment by default filed after enrollment is appealable]; Code (1957), Art. 5, § 1 [II E. Striking Out Judgments]. See also *Green v. Hamilton,* 16 Md. 317 (1860); *Henderson v. Gibson,* 19 Md. 234 (1862); *Smith v. Black,* 51 Md. 247 (1879); *Wainwright v. Wilkinson,* 62 Md. 146 (1884). Cf. *Armour Fert. Works v. Brown,* 185 Md. 273, 44 A. 2d 753 (1945).

### (ii) and (iii)

Since it is clear that the second motion to strike did not state such a case as justified the lower court in setting aside the judgment of *non pros* on any of the grounds stipulated in the last sentence of Rule 625, *supra,* we shall assume, without deciding, that the first motion was not *res judicata* to the second motion, and consider only the remaining issue.

There is no doubt that one of plaintiff's attorneys of record [Mr. Pusey] was present in court on the last day the case was called for trial. If his purpose was to obtain a postponement as the plaintiff now claims, the docket entries do not disclose that a motion to that effect was made, and, which is more significant, that neither of the plaintiff's motions to vacate the judgment of *non pros* allege that a motion for postponement had been made and ignored by the court as he now suggests. On September 17, 1958, the date the damage suit was dismissed, the only docket entry shows that the plaintiff submitted to *non pros* in open court and that a judgment absolute in favor of the defendant for costs was entered. Thus it is apparent that the plaintiff's counsel not only did not

move for a postponement but did not even object to the dismissal of the case. On the contrary, it appears that he submitted on behalf of his client to the entry of the judgment of *non pros*. This Court has consistently held, as have the courts in other jurisdictions, that ordinarily what is done by an attorney of record in the progress of a case is deemed to be the act of the client and is binding on him. *Thomas v. Hopkins*, 209 Md. 321, 121 A. 2d 192 (1956). See also *Schnapper v. Yoe*, 194 Md. 573, 71 A. 2d 759 (1950); *Brooks v. Brooks*, 184 Md. 419, 41 A. 2d 367 (1945); *McCauley v. State*, 21 Md. 556 (1864); Maryland Rule 3 a.

Other than the erroneous reason to the effect that he was in his doctor's office when the case was last called for trial,[2] the only relevant reason or ground assigned by the plaintiff as to why he was not in court when his case was called for trial was that he had understood that the trial would be postponed to a later date to afford him an opportunity to engage *another* attorney in the place and stead of *one* of his attorneys [Mr. Crowther], who had become disqualified, but he did not explain why his *other* attorney [Mr. Pusey], who was actually in court could not have tried the case. There was no claim that the entry of the judgment of *non pros* was either fraudulent or irregular. Indeed it was virtually conceded that such was not the case. Neither was it specifically claimed in either motion that the entry of the judgment was the result of a mistake.

We think it is clear that the dismissal of the damage suit and the entry of the judgment of *non pros* in the presence of one of his attorneys—who neither moved for a postponement because his client was not present nor objected to the entry of the judgment—was not a mistake at all, but on the contrary, was proper under the circumstances, even though his other attorney was not present. As we have stated herein the act of the attorney who was present was binding on

---

**2.** The record shows that the plaintiff was said to be in his attorney's office on September 16, 1958, when the case was *first called for trial and postponed,* not on September 17, 1958, when the case was *last called for trial and dismissed.* See pp. 265 and 266 of this opinion.

him, *Smith v. Black,* 51 Md. 247 (1879). Nor was the plaintiff's understanding that his appearance in court was not required, enough to establish that an enrolled judgment of *non pros* had been obtained by mistake. Cf. *Thomas v. Hopkins, supra* [enrolled judgment cannot be vacated for mistake on ground that party defendant, though duly summoned, neglected to make a seasonable defense].

In passing upon the appealability of the lower court's action, we observed that the granting of the second motion to vacate the enrolled judgment of *non pros* had the effect of reviving a tort action which was barred by limitations. This fact vividly demonstrates the reason why a court when dealing with motions to vacate enrolled judgments should invariably inquire into and thoroughly examine the basis for an allegation by a defendant or plaintiff, as the case may be, that he has a meritorious cause of action or defense, as well as to require clear and convincing proof of the existence of fraud, mistake or irregularity. *Thomas v. Hopkins, supra.* It so happens that in this case the defendant had acquired a substantial right in the judgment of *non pros* of which he could not be validly deprived except upon a showing of a meritorious cause of action *and* proof of one or more of the elements necessary to vacate his judgment. Poe, *op. cit., supra,* § 390. Yet, other than a bare statement to that effect of which he himself was none too sure, there is nothing in the record to indicate that the plaintiff had a meritorious cause of action even if limitations had not run. We have already held that the plaintiff failed to prove such reasons or grounds as are required to establish such a mistake as would justify the vacation of an enrolled judgment of *non pros.*

Since the order granting the second motion to strike out the judgment of *non pros* should not have been passed, the order must be reversed.

> *Order reversed and case remanded for the passage of an order denying the second motion to strike out the judgment of non pros, the appellee to pay the costs.*

### Per Curiam on Motion for Rehearing.

In a motion for reargument the substituted plaintiff-appellee (Snyder) makes the claim, supported by affidavit, that the case was not called for trial on September 16, 1958, although the defendant-appellant's (Williams') statement to that effect in his answers to both the first and second motions to set aside the judgment of *non pros* and in his brief filed in this court was not denied as of record. But regardless of whether that be a fact or not, we think the action of the trial court in granting the *non pros* was not such as to warrant the reopening of the enrolled judgment on the ground of mistake.

The motion for reargument is therefore denied.